***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Donovan.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Defendant Key Risk Management Services Insurance Company was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Defendants have denied liability and plaintiff has not received any disability benefits; nor have defendants paid for any medical treatment since July 29, 2003.
5. The issues for determination are:
a. Whether plaintiff sustained a compensable injury by accident arising out of and in the course of her employment?
b. To what benefits, if any, is plaintiff entitled?
6. The parties stipulated the following documentary evidence:
a. Stipulated Exhibit #1: I.C. Forms, plaintiff's recorded statement, Private Investigator report, medical records, discovery responses
b. Stipulated Exhibit #2: Videotape of plaintiff's workstation
c. Stipulated Exhibit #3: Videotape of plaintiff's residence and dog pen
 ***********
Based upon all of the competent evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, the plaintiff was 45 years old and had been employed by defendant-employer for approximately five years as a hemmer of T-shirts.
2. On July 29, 2003, plaintiff reported to work at approximately 7:30 a.m. A videotape of plaintiff's workplace shows that plaintiff worked at a station on a sewing machine in a large room containing many stations and machines and is a very noisy environment. Plaintiff's station had cardboard boxes stored below the sewing table containing threads and personal belongings.
3. At approximately 9:30 a.m. on July 29, 2003, plaintiff felt a sharp pain on the top of her right foot. Soon after the event, plaintiff reported the pain to her supervisor, Linda Hale. By the time plaintiff finished her shift, her leg was swollen and her right foot was numb. Plaintiff was transported by her fiancé to the office of Dr. John McCain, an internist.
4. When plaintiff presented to Dr. McCain, her injury was diagnosed as an insect bite and she was immediately sent to the Wilson Medical Center Emergency Room for treatment. The history section of the intake form from the emergency room states that the bite occurred the previous night (July 28, 2003) and at that time it looked like a mosquito bite, but that on the morning of July 29, 2003, plaintiff developed swelling and tenderness around the area of the bite. The form also states that no spider was seen. Plaintiff was provided with an antibiotic and instructed to return the next day.
5. Plaintiff returned to the emergency room on July 30, 2003. The history section of the intake form for that date states plaintiff was suffering from an insect bite to her foot and that symptoms from the bite had a gradual onset over a two-day period. Handwritten on the form is the notation "-? Spider," which the Full Commission believes to mean that a spider was suspected to have been the biting insect, but it was not known for certain at that time.
6. On July 31, 2003, plaintiff returned to Dr. McCain for continuing treatment. At that time, Dr. McCain stated in his notes that plaintiff reported being bitten on her right foot on July 29, 2003 by a brown recluse spider. Plaintiff was admitted to the hospital and remained there for treatment until August 3, 2003.
7. Following her release, plaintiff continued to receive treatment from Drs. McCain, Michael Halpert, a general surgeon and Michael Glover, an orthopaedic surgeon.
8. Plaintiff returned to work for defendant in her regular job on September 10, 2003.
9. Drs. McCain, Halpert and Glover opined to a reasonable degree of medical certainty that the plaintiff was bitten by a brown recluse spider. Dr. McCain, Halpert and Glover each have some level of experience in treating brown recluse bites, but none have specific expertise regarding the habitat or habits of the spider, or regarding the time period for the onset of symptoms following a bite.
10. Entomologist, Dr. Charles Apperson, opined that: (1) the brown recluse spider does not spin a web to capture prey, but instead hunts for prey to subdue by biting it; (2) the recluse spider is so named in part because it is reclusive and does not like noisy environments; (3) it lives primarily in quiet, undisturbed outdoor areas under rocks, fallen trees and wood piles; (4) the spider is nocturnal and only hunts at night, hiding during the day; (5) the bite of the spider is not immediately painful and its venom, which breaks down cells, takes between six and 24 hours to cause enough tissue damage to register discomfort and pain.
11. Dr. Apperson further opined that it was highly unlikely that plaintiff received a bite from a brown recluse spider and felt the onset of symptoms immediately. He also opined that he did not believe the bite could have occurred at 9:30 in the morning, as the recluse spider would not be out of its nest during that time of day. After reviewing the video tapes of the yard area of plaintiff's home and her work environment, Dr. Apperson further opined that it was more likely that the recluse spider would be found in the yard area of plaintiff's home than in the workplace, primarily due to the noise and movement associated with the workplace.
12. Due to Dr. Apperson's field of expertise and demonstrated knowledge of the habitat and habits of the recluse spider, his opinion regarding these issues is given greater weight than the opinions of plaintiff's treating physicians.
13. At the hearing before the Deputy Commissioner, the plaintiff testified that on July 29, 2003 she saw a spider next to her at work when she looked down and saw that her foot was "whelped." However, while in the Emergency Room on July 29, 2003, the plaintiff reported being bitten on the previous night of July 28, 2003 but stated that she did not actually see a spider on the night of July 28, 2003. In the plaintiff's August 19, 2003 Recorded Statement, she first reported that she saw a spider in her work area on July 30, 2003, the day after the alleged spider bite and not on the date she alleges she was bitten, July 29, 2003. Then, later in her recorded statement, she stated that she never saw a spider at work at all. The plaintiff also reported inconsistent histories to the medical personnel as reflected in the medical notes regarding the date on which she was bitten and whether or not she saw a spider at the time of her bite.
14. The Full Commission finds the plaintiff is not credible as she offered several different versions regarding the existence of a spider in her workplace and exactly when she was bitten.
15. The competent evidence on the record established that the plaintiff suffered a bite from a brown recluse spider and that the bite did not occur on the morning of July 29, 2003 in the workplace, but occurred some time earlier in a different environment.
16. There is no evidence to establish that plaintiff contracted an occupational disease due to a brown recluse spider bite on her right foot on July 29, 2003 or at some other time.
17. The plaintiff nor the defendant have prosecuted or defended this claim without reasonable grounds.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSION OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of the employment on 29 July 2003. Accordingly, plaintiff is not entitled to compensation under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff did not contract an occupational disease as a result of a brown recluse spider bite on her right foot on July 29, 2003 or at some other time. N.C. Gen. Stat. § 97-53.
3. The plaintiff nor the defendant are entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim must be and is hereby DENIED.
2. Requests for attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 are DENIED.
3. Each side shall bear its own costs.
This the ___ day of July 2005.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER